[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Bruce Turner, commenced this action against the defendants, Peter and Charlene Michalec, to recover damages for personal injuries allegedly sustained at the defendant's home on April 4, 1993. The plaintiff, a Town of Weston police officer, claims that he injured his knee while investigating a possible burglary at the defendants' home when a board from a wooden deck collapsed beneath the plaintiff's feet. In addition, the plaintiff alleges that the defendants knew or had reason to know of the unreasonably dangerous condition of the deck, and that they failed to correct or warn the plaintiff of this defect.
The defendants filed a motion for summary judgment and in support thereof they submitted a memorandum of law, along with affidavits by each of the defendants and excerpts from the deposition transcripts of Bruce Turner and Peter Michalec. The plaintiff filed an opposing memorandum along with affidavits by Bruce Turner and Roy Hill, a Town of Wilton police sergeant, and excerpts from the deposition transcripts of Bruce Turner and Peter Michalec.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In CT Page 4760 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
The defendants argue that they did not breach any duty owed to the plaintiff and are entitled to summary judgment because at the time of the alleged accident the plaintiff occupied the status of a licensee and the defendants did not have any knowledge of the defect in their premises. In support of this argument, the defendants have submitted affidavits in which they attest that they had no knowledge of any defective condition on their deck.
A police officer who is injured on private property in the course of performing his official duties occupies the status of a licensee. Furstein v. Hill, 218 Conn. 610, 615-16, 590 A.2d 939
(1991). The police officer's status as a licensee is "unaffected by the manner in which he came upon the defendant's premises." Id., 623. "The duty that a landowner owes to a licensee does not ordinarily encompass the responsibility to keep the property in a reasonably safe condition, because the licensee must take the premises as he finds them." Id., 624.
Nevertheless, "under certain circumstances a heightened duty to the licensee can arise." Id. "`A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.'" Id., 624-25, quoting 2 Restatement (Second), Torts § 342, p. 210 (1965).
Although the defendants state in their affidavits that they had no knowledge of the defect in the deck, they also indicate CT Page 4761 that a number of boards from the deck had to be replaced in 1989 and 1990. Furthermore, the affidavit of Sergeant Roy Hill, submitted by the plaintiff in opposition to the motion for summary judgment, indicates that Peter Michalec told Hill on the day of the alleged accident that he had replaced several planks that had gone bad over the years. Affidavit of Roy Hill, ¶ 8. Finally, Peter Michalec indicated in his deposition that a number of boards from the deck were replaced in 1989, 1990 and 1993 because they were in disrepair. April 9, 1996 Deposition of Peter Michalec, pp. 15-16.
Given the repair history of the wooden deck in the present case, as evidenced by the affidavits and deposition transcript of Peter Michalec, a genuine issue of material fact exists as to whether the defendants had actual or constructive knowledge of the dangerous condition of the deck. Accordingly, the defendants' motion for summary judgment if denied.
D'ANDREA, J.